**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GINTS ARIS ETHAN BRENCIS and LARISA MARA BRENCIS | CIVIL ACTION |
| Plaintiffs, | |
| v. | COMPLAINT   1:14-cv-02079 |
| GREEN TREE SERVICING, LLC. | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE TELEPHONE CONSUMER PROTECTION ACT**

NOW COME the Plaintiffs, GINTS ARIS ETHAN BRENCIS ("Gints") and LARISA

MARA BRENCIS ("Larisa") (collectively "Brencis"), by and through their attorneys, Sulaiman

Law Group, Ltd., complaining of the Defendant, GREEN TREE SERVICING, LLC ("Green

Tree"), as follows:

**NATURE OF THE ACTION**

1.   Gints and Larisa Brencis bring this action against Green Tree alleging violations of the

Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Illinois Consumer Fraud

and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Green Tree's repeated

calls to Brencis' cell phones, without their consent, in an attempt to collect a consumer debt

discharged in bankruptcy.

**JURISDICTION AND VENUE**

2.   Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227 and 28 U.S.C.

§§ 1331, 1337, as the action arises under the laws of the United States. This Court has

supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Green Tree conducts business in the Northern District of Illinois and Green Tree's collection communications and practices impacted Brencis within the Northern District of Illinois.

## PARTIES

4.   Plaintiffs Gints and Larisa Brencis are natural persons residing at 617 South Huntington Drive, Round Lake, Illinois 60073.

5.   Defendant Green Tree is a limited liability company with its principal office located at 345 St. Peter Street, Suite 300, St. Paul, Minnesota 55102. Green Tree's registered agent in Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS SUPPORTING CAUSE OF ACTION

6.   In December 2007, Brencis obtained a mortgage loan ("subject debt") with Bank of America, N.A., secured by their primary residence located at 617 South Huntington Drive, Round Lake, Illinois 60073.

7.   Sometime thereafter, Bank of America, N.A. transferred the servicing rights to the subject debt to Green Tree.

8.   On April 30, 2012, Brencis filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 12-17743, invoking the protections of the bankruptcy automatic stay pursuant to 11 U.S.C. § 362.

9.   At the time Brencis filed bankruptcy, Green Tree serviced the subject debt.

10. The subject debt was duly scheduled in Brencis' bankruptcy petition. *See* attached Exhibit A, a true and correct copy of Brencis' bankruptcy petition Schedule D.

11. On or about May 3, 2012, the Bankruptcy Noticing Center ("BNC") provided Green Tree with notice of the bankruptcy filing. *See* attached Exhibit B, a true and correct copy of the BNC Certificate of Notice.

12. The BNC notice also provided Green Tree with the name and address of Brencis' counsel and expressly stated that "contacting the debtor by phone" and "taking actions to collect money or obtain property from the debtor" was prohibited by the Bankruptcy Code. *Id*.

13. The 341 meeting of creditors was held on May 21, 2012.

14. A representative of Green Tree was not present at the 341 meeting of creditors.

15. On July 23, 2012, Brencis received a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727, including the subject debt.

16. On July 25, 2012, BNC provided Green Tree with notice of the Chapter 7 discharge. *See* attached Exhibit C, a true and correct copy the BNC Certificate of Notice of Discharge.

17. The discharge order expressly stated that "[t]he discharge prohibits any attempt to collect from the debtor a debt that has been discharged … a creditor is not permitted to contact a debtor by mail, phone, or otherwise … to collect a discharged debt from the debtor." *Id*.

18. Brencis did not reaffirm the subject debt, but continued to make regular monthly payments on the subject debt after filing bankruptcy in order to retain possession of their home.

19. Brencis stopped making regular monthly payments on the subject debt in or around December of 2012.

**Green Tree's Collection Calls**

20. Despite having knowledge of Brencis' bankruptcy and the discharge of the subject debt, Green Tree placed collection calls to Brencis' individual cell phones requesting payment of the subject debt.

21. Green Tree's unsolicited calls began in December of 2012 and continued throughout January 2013. In that time period, Brencis received over 100 collection calls on their cell phones from Green Tree.

22. Green Tree usually called from the number (314) 513-1909.

23. Green Tree used an automatic telephone dialing system ("ATDS") to make the calls.

24. Most of the Green Tree's calls were not answered by Brencis.

25. When Brencis did pick up the calls, they spoke with a representative of Green Tree.

26. Brencis advised Green Tree of their bankruptcy discharge.

27. Notwithstanding the additional notice of the Brencis bankruptcy discharge, Green Tree continued to call despite the fact Green Tree was unlawfully attempting to collect a discharged debt.

28. On January 4, 2013, Brencis' attorney sent a cease and desist letter to Green Tree, along with *additional* notice of Brencis' bankruptcy filing. *See* attached Exhibit D, a true and correct copy of the cease and desist letter.

29. On January 8, 2013, Victor Valle, an agent of Green Tree, called Brencis and left a threatening voicemail stating that the calls would continue if they did not pay the subject debt.

30. Green Tree called the Brencis' cell phones on the following dates and times (non-exhaustive list):

    a) 1 Call to Gints on December 20, 2012 at 6:00 p.m.;
    b) 1 Call to Gints on December 26, 2012 at 10:28 a.m.;

4

c) 2 Calls to Gints on December 27, 2012 at 5:35 p.m. and 6:56 p.m.;

d) 3 Calls to Gints on December 28, 2012 at 2:31 p.m., 5:50 p.m., and 5:52 p.m.;

e) 7 Calls to Gints on December 29, 2012 at 9:49 a.m., 9:51 a.m., 2:13 p.m., 3:03 p.m., 3:31 p.m., 4:12 p.m., 4:34 p.m.;

f) 4 Calls to Larisa on December 29, 2012 at 3:02 p.m., 3:31 p. m., 4:12 p.m., 4:33 p.m.;

g) 11 Calls to Gints on December 31, 2012 at 8:11 a.m., 10:25 a.m., 11:14 a.m., 11:15 a.m., 12:41 p.m., 3:27 p.m., 4:51 p.m., 5:33 p.m., 5:52 p.m., 6:22 p.m., 7:31 p.m.;

h) 19 Calls to Larisa on December 31, 2012 at 8:10 a.m., 10:24 a.m., 10:30 a.m., 11:13 a.m., 11:16 a.m., 11:19 a.m., 11:21 a.m., 11:42 a.m., 11:44 a.m., 11:44 a.m. (not duplicative), 12:40 p.m., 12:42 p.m., 3:28 p.m., 4:51 p.m., 5:32 p.m., 5:51 p.m., 6:21 p.m., 6:52 p.m., 7:30 p.m.;

i) 1 Call to Larissa on January 3, 2013 at 8:11 a.m. (voice mail message);

j) 1 Call to Gints on January 3, 2013 at 8:12 a.m. (voice mail message);

k) 1 Call to Larissa on January 4, 2013 at 8:05 a.m.;

l) 1 Call to Gints on January 4, 2013 at 8:06 a.m.;

m) 1 Call to Larissa on January 7, 2013 at 8:02 a.m.;

n) 1 Call to Gints on January 7, 2013 at 8:02 a.m.;

o) 3 Calls to Gints on January 8, 2013 at 8:28 a.m., 11:08 a.m., 3:35 p.m.;

p) 3 Calls to Larisa on January 8, 2013 at 11:07 a.m., 3:30 p.m., 3:33 p.m.; and

q) 1 Call to Gints on January 11, 2013 at 12:33 p.m.

31. The list above only includes sixty-one (61) calls that can be retrieved from Brencis' call records.

32. The list above does not include all Green Tree's calls to Brencis' cell phones because Brencis' phones do not have the capability to store an unlimited number of received calls. Moreover, Brencis' cellular provider's records do not include missed or unanswered calls.

33. Including missed or unanswered calls, Green Tree called Brencis' cell phones over 100 times between December 2012 and January 2013.

34. Green Tree's collection calls were made with actual knowledge of Brencis' bankruptcy.

35. Green Tree did not have Brencis' permission to call their cell phones or to collect the subject debt between December 2012 and January 2013 when the calls were made.

36. Brencis revoked any prior consent to be contacted in writing.

37. Specifically, the Notice of Bankruptcy filing, Discharge Order, and cease and desist letter served upon Green Tree. *See* Exhibits A through D.

38. Brencis orally revoked any consent by notifying Green Tree over the phone of their bankruptcy and requesting that the calls stop.

39. Green Tree continued to place collection calls to Brencis using an ATDS after Brencis revoked consent to receive calls to their cell phones.

40. According to Green Tree's call log, it did not remove the account from ATDS until January 30, 2013, as indicated by the note, "Sent to Sup[ervisor] to rem[ove] from Dialer." *See* attached Exhibit E, a true and correct copy of relevant pages of Green Tree's "Collection Comment List," at p. 14.

41. Brencis were harmed by Green Tree's repeated collection calls as they are charged for use of their cellular phones.

42. The calls were made around Christmas and the New Year and severely interrupted Brencis' time with their family and four children throughout the holidays.

43. Due to Green Tree's relentless collection calls, Brencis sought the assistance of counsel to stop Green Tree's abusive and unfair collection efforts.

44. Brencis suffered emotional distress, anger, anxiety, and loss of sleep as a result of Green Tree's unlawful collection practices.

45. Larisa started taking Myocalm, which is a medication that helps relax muscles and induces sleep.

46. The relentless calls caused Larisa to shake, cry, and adversely affected her ability to parent her four children.

47. Brencis' children would witness their mother crying and inquire about the source of the distress.

48. Specifically, Brencis' children noticed the repeated phone calls and asked Larisa, "Mommy, why are you not picking up the phone?," causing Larisa to cry and become visibly upset in front of her children.

49. Larisa would have to leave the presence of her children when Green Tree called as to not distress the children when she cried.

50. Gints would receive many of the calls during the work day, which naturally frustrated his ability to perform his duties.

51. Green Tree's relentless calls came in during the busiest time of the year for Gints' work.

## COUNT I -- VIOLATION OF THE
## <u>TELEPHONE CONSUMER PROTECTION ACT (TCPA)</u>

52. Brencis restate and reallege paragraphs 1 through 51 as though fully set forth herein.

53. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS"). 47 U.S.C. § 227(b)(1)(iii).

54. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

55. Green Tree violated the TCPA by placing well over 100 phone calls to Brencis' cell phones using ATDS.

56. Brencis did not expressly consent to receive calls from Green Tree to their cell phones, and any consent was revoked in writing and verbally.

7

57. Pursuant to 47 U.S.C. §227(b)(3)(B), Green Tree is liable to Brencis for at least $500 per telephone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Green Tree's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Brencis are entitled under 47 U.S.C. §227(b)(3)(C).

58. As a result of the above violations of the TCPA, and in consideration of the willful and malicious disregard to the Bankruptcy Code and the TCPA, Brencis are entitled to an award of statutory and treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, GINTS ARIS ETHAN BRENCIS and LARISA MARA BRENCIS, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Brencis damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

c. awarding Brencis treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF ILLINOIS
### CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

59. Brencis restate and reallege paragraphs 1 through 51 as though fully set forth herein.

60. Green Tree violated 815 ILCS 505/2 by engaging in unfair and deceptive acts or practices by repeatedly and relentlessly calling Brencis' cell phones in an attempt to collect the discharged subject debt.

61. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise,

8

misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

62. Brencis are consumers as defined by ICFA, 815 ILCS 505/1(e).

63. Green Tree's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

**Unfairness**

64. Green Tree's relentless phone calls and conduct in relation to the subject debt were willful, malicious, unfair, and designed to coerce Brencis into paying a debt that was not owed at the time the demands for payments were made.

65. Green Tree's conduct offends public policy as it demonstrates an industry-wide practice of attempting to collect debt discharged in bankruptcy by relentlessly placing collection calls to debtors on their personal cell phones.

66. Green Tree's conduct is unconscionable because continuing to call debtors to collect debt discharged in bankruptcy serves only to harass, abuse and oppress debtors that have sought and received the protections of a bankruptcy discharge.

67. From December 2012, through January 2013, Brencis received, on average, between four and eleven calls per day, up to seven days a week. On December 31, 2012 in particular, Green Tree called Larisa's cell phone 19 times. Green Tree called Brencis over 100 times to collect a discharged debt.

68. Moreover, Green Tree's conduct was unfair because the relentless collection calls to Brencis' cell phones were in violation of Federal Law (both the Bankruptcy Code and the

TCPA), and served only to harass Brencis and attempt to convince them that they had to pay to stop the calls.

### Deception

69. Green Tree's repeated demands for payment on a debt that was discharged in bankruptcy amounts to a deceptive practice designed to facilitate the collection of debt that is not owed.

70. Green Tree's collection efforts were deceptive because the subject debt was no longer owed by Brencis by virtue of their Chapter 7 discharge.

71. Green Tree had no right to collect the subject debt or to represent to Brencis that they were obligated to pay the subject debt.

72. Green Tree made material misrepresentations regarding the status of the subject debt and Brencis obligations to pay the subject debt.

73. Green Tree attempted to deceive Brencis into believing that they had to pay the subject debt to stop the calls.

74. Green Tree  intended that Brencis rely on its misrepresentations and deception and pay the debt.

75. "One of the primary purposes of the Bankruptcy Act is to 'relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.'" *Local Loan Co. v. Hunt*, 292 U.S. 234, 244-45 (1934).

76. Brencis were harmed by Green Tree's repeated collection calls. In addition to the emotional distress suffered by Brencis, they incurred fees associated with the use of their cellular service, legal fees and costs, and had their bankruptcy discharge egregiously frustrated.

77. As such, Brencis are entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiffs, GINTS ARIS ETHAN BRENCIS and LARISA MARA

BRENCIS, respectfully request that this Honorable Court enter judgment in their favor as

follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Brencis actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding the Brencis costs and reasonable attorney fees; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 25, 2014                    Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC#6299011
Daniel J. McGarry, Esq. ARDC#6309647
Mara A. Baltabols, Esq. ARDC#6299033.
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188